**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARK SCHWARTZ, | No. 12-17133 |
| Plaintiff - Appellant. | D.C. No. 4:12-cv-00586-YGR |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted December 8, 2014
San Francisco, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and NAVARRO, Chief District Judge.[**]

Mark Schwartz appeals the district court's decision dismissing his tort

claims brought under the Federal Tort Claims Act (FTCA). We have jurisdiction

under 28 U.S.C. § 1291. Reviewing the district court's decision de novo, *White v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Gloria M. Navarro, Chief District Judge for the United States District Court for the District of Nevada, sitting by designation.

*Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000), we affirm the district court's dismissal of Schwartz's claims for wrongful eviction and wrongful lockout, and we vacate and remand the dismissal of Schwartz's negligence claim.

As an initial matter, Schwartz argues that his apartment was not covered by the final criminal forfeiture order. Although the street address of Schwartz's apartment was not expressly listed in the forfeiture order, Schwartz does not dispute that the apartment was part of the same building and lot as 704 North Point Street. Therefore, under the broad terms of the forfeiture order, the apartment was subject to forfeiture.

Relying on the forfeiture order, the district court properly dismissed Schwartz's wrongful eviction and wrongful lockout claims. To establish claims for wrongful eviction and wrongful lockout, Schwartz must be able to establish that he had a tenancy interest in the apartment. *See* S.F. Admin. Code § 37.2(t); Cal. Civ. Code § 789.3(b). However, because Schwartz did not petition for an ancillary proceeding or seek relief from the Attorney General under the governing criminal forfeiture statutes, his interest in the apartment was "extinguished" upon entry of the final forfeiture order. *See* Fed. R. Crim. P. 32.2 advisory committee's note to subdivision (c)(2). Therefore, Schwartz cannot maintain a suit for wrongful eviction and wrongful lockout. *See* 21 U.S.C. § 853(k)(2) ("[N]o party

2

claiming an interest in property subject to forfeiture under this section may commence an action at law or equity against the United States concerning the validity of his alleged interest in the property . . . .").

The district court erred, however, in dismissing Schwartz's negligence claim. In his negligence claim, Schwartz requests damages for the loss of his personal belongings that were in the apartment when it was seized. The Government does not dispute that Schwartz owned this personal property. Because Schwartz's negligence claim does not involve any disputed ownership interests, we hold that the claim is not similarly affected by the ancillary proceedings provisions, which are meant only to determine a claimant's interest in forfeited property. *See* 21 U.S.C. § 853(n); *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005).

The Government argues that Schwartz's negligence claim is independently barred by sovereign immunity. *See* 28 U.S.C. § 2680(c). We remand for the district court to consider this sovereign immunity argument in the first instance. *See Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1035 (9th Cir. 2014).

**AFFIRMED in part, VACATED in part, and REMANDED.** The parties shall bear their own costs.

3